[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed for a dissolution of her marriage with the defendant. Based upon the evidence presented at a contested hearing in this matter, the court makes the following findings.
The plaintiff and the defendant married on July 25, 1981 in Wallingford, Connecticut. The parties have lived in Connecticut for at least twelve months prior to the filing of this divorce complaint. The parties have two children who are issue of their marriage; Carlos, Jr., who is eighteen years old, and Anthony, who is thirteen years old. The parties have agreed to joint legal custody of the minor child, Anthony, primary physical residence with the plaintiff They have also agreed that the defendant shall have rights of reasonable and liberal visitation with Anthony and that, in accordance with the Child Support Guidelines, the defendant shall pay $117 weekly to the plaintiff for child support for Anthony. The parties have been unable to agree and have asked the court to determine the issues of alimony and property distribution.
The plaintiff is forty-two years old and in good health. Although the plaintiff has only a ninth grade education, she has a substantial work history and has achieved her current position as a production manager at U.S. Surgical where she earns $643 weekly. The defendant is forty-three CT Page 15251 years old and also in good health. He never went to high school but has supported himself and his family through the years as a painter. He presently works as a painter at Joseph Cohn and Son, Inc. earning $840 weekly.
The plaintiff claims that the defendant is at fault for the breakdown of the marriage due to his excessive drinking, his verbal abuse and an incident of domestic violence that occurred immediately prior to her filing this dissolution action. The defendant denies the plaintiff's claims and asserts that the plaintiff caused the collapse of the marriage by her inappropriate accusations of infidelity and verbal haranguing of the defendant.
I do not find the defendant credible on this issue. Based upon the evidence presented, I find that the actions of the defendant were the primary cause of the breakdown of the marriage. The defendant verbally insulted the plaintiff throughout the marriage and spent every weekend night socializing with his friends. Sometime during the summer of 1999, prior to this action being filed, the defendant grabbed the plaintiff by the neck, hit her and threw her on the floor. This event precipitated the disintegration of the marriage.
The primary asset of the marriage is real property jointly owned by the plaintiff and the defendant and located at 10 Cornwall Road, Wallingford, Connecticut. The property constitutes the marital home where the parties both currently reside with their two children. It has a fair market value of $200,000 and is unencumbered by any mortgage.
The plaintiff also holds a one-half interest in real property at 14 Silliman Road, Wallingford, Connecticut. This property was formerly owned by the plaintiff's deceased mother. The plaintiff's ownership interest in this property has a present value of $23,000. In addition, the plaintiff presently has $3,500 in a credit union account, $4,604 in a 401K account, and $10,000 worth of jewelry. The parties also have a joint savings account containing $22,671. The defendant possesses a checking account containing $1,000 and an annuity valued at $25,000. The defendant also has an undisclosed amount of funds in a bank account in Portugal.
In determining the orders contained herein, I have carefully considered all the relevant statutory criteria, including those in General Statutes § 46b-81 as they relate to the assignment of property and § 46b-82
as they relate to the award of alimony. The court enters the following orders:
1. The marriage is ordered dissolved on the grounds of irretrievable breakdown. CT Page 15252
2. No alimony shall be awarded to either party.
3. The parties shall have joint legal custody of the minor child, Anthony. Primary physical custody shall be with the plaintiff. The defendant shall have rights of reasonable and liberal visitation.
4. In accordance with the Child Support Guidelines, the defendant shall pay $117 weekly as child support for the minor child. An immediate wage execution may issue to effectuate the child support order. In accordance with the Child Support Guidelines, the plaintiff shall be responsible for 57% of any unreimbursed medical expenses for the minor child and the defendant shall be responsible for 43% of any such expenses.
5. The plaintiff is awarded a fifty-five percent (55%) interest and the defendant is awarded a forty-five percent (45%) interest in the marital home at 10 Cornwall Road, Wallingford, Connecticut. The plaintiff shall be solely responsible for paying the mortgage, taxes, and liens, if any, on the property. The plaintiff shall hold the defendant harmless and indemnify the defendant with respect to any and all mortgages, liens and encumbrances on the property. The plaintiff is awarded exclusive possession of the marital home effective January 15, 2001. The plaintiff shall be responsible for the maintenance of the property while she lives there.
The property shall be placed on the market and sold upon the plaintiff's death or the plaintiff's remarriage or cohabitation in accordance with General Statutes § 46b-86(b) or upon a change in physical custody of the minor child to the defendant. In any event, the property shall be placed on the market for sale no later than February 25, 2006. The parties shall mutually agree on a realtor who shall determine the selling price for the property. The property shall be sold if the parties receive an offer within ninety-five percent (95%) of the selling price unless the parties mutually agree otherwise. Neither party may unreasonably withhold his or her consent to the sale of the property. The plaintiff shall have the right to purchase at any time the defendant's interest in the property by paying him the fair market value of his interest in the property. The court retains jurisdiction to enter further orders, if necessary, with respect to this matter.
6. The plaintiff shall retain her one-half interest in the real property at 14 Silliman Road, Wallingford, Connecticut.
7. The plaintiff shall retain ownership of the $10,000 worth of jewelry currently in her possession, and her entire interest in her 401K and credit union accounts. The plaintiff is also awarded $5,000 of the joint CT Page 15253 savings account with the remaining funds in said account awarded to the defendant.
8. The defendant is awarded the entire right, title and interest in the funds in the checking account, the annuity listed on his financial affidavit, and his painting equipment valued at $1,500.
9. The plaintiff is awarded ownership of the 1991 Ford Tempo and the defendant is awarded ownership of the 1988 Ford truck. The parties shall take whatever steps are necessary to transfer the title and registration of each vehicle to the party awarded ownership.
10. The personal property held by the parties shall be distributed by mutual agreement. Any dispute over personal property shall be submitted to the Office of Family Relations for mediation and, if unresolved by mediation, to the court for its determination. The court retains jurisdiction to enter further orders, if necessary, with respect to this issue.
11. Each of the parties shall be solely responsible for payment of the liabilities listed on their respective financial affidavits.
12. Each of the parties shall be responsible for the payment of their respective attorney's fees.
BY THE COURT
Judge Jon M. Alander